SAVOY, Judge.
This matter is on appeal on behalf of plaintiffs. The sole issue is as to quantum. Defendants admit liability and have not answered the appeal.
The evidence reflects that plaintiff wife was injured as a result of a rear end accident which occurred on January 23, 1964. Plaintiff was driving the lead car, and her car was struck from the rear by a truck being driven by Sam R. May son and which was owned by McWood Corporation. The McWood Corporation’s liability insurer is The Travelers Insurance Company.
After a trial on the merits, the district judge awarded the wife $2,000.00 for mental suffering, pain and injuries resulting from *144 the accident. He allowed the husband $688.08 as special damages.
The wife was five months pregnant at the time of the accident. She had a normal delivery. Her attending physician at the time of the accident was Dr. LaCroix, who had moved from Louisiana at the time of the accident. She was seen by Dr. A. C. Brous-sard, who had taken over the practice of Dr. LaCroix. There is a statement from Dr. Broussard in the record showing that the only complaint by the wife was that she had a backache. She never complained about being concerned for the child which was born at a later date.
Plaintiff wife was seen by Dr. George P. Schneider, orthopedic surgeon, on May 10, 1964. Dr. Schneider stated in his deposition that the patient did not show any concern for the unborn child as a result of the injuries received in the accident. He did find the wife to have a moderate strain or sprain of the cervical or lumbar region. Pie did not think she had a disc injury.
Dr. Earl IT. Rafes, a specialist in neurological surgery, saw the wife on September 16, 1964. She complained of pain in her neck in the mid-thoracic area, severe headaches and numbness of the right leg. After a physical examination by the doctor, and the taking of X-rays, he concluded the wife was not suffering from a herniated cervical disc. He found that the wife had a certain amount of anxiety and tension. Pie found the anxiety extremely mild and could not account for the symptoms complained of by the wife.
On May 10, 1964, the wife was seen by Dr. Gilíes R. Morin who specializes in the field of psychiatry. His diagnosis of the plaintiff wife’s condition was that she was suffering from a mild anxiety reaction.
The only evidence to the contrary is that of Dr. James Albert Brown, whose specialty is neurosurgery. He saw the wife on August 14, 1964, and concluded that she was suffering from a probable herniation of the fifth cervical disc on the right; injury to the lower back and anxiety state, moderately severe.
Considering the medical testimony as a whole, we do not believe the trial judge abused the great discretion which he has in making an award in this type case.
For the written reasons assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.